**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ESABEL KOURRADI, Administratrix for the Estate of MOHAMMED A. ALASHI,** *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> **DENCIL E. BROWN,** *et al.*, <br><br> Defendants. | Civil Action No. 18-13038 (ZNQ) (LHG) <br><br> **OPINION** |

**QURAISHI, District Judge**

      **THIS MATTER** comes before the Court upon several motions for summary judgment and sanctions by Plaintiff Esabel Kourradi, Defendants/Third-Party Plaintiffs Dencil E. Brown ("Brown") and New Penn Motor Express, LLC ("New Penn"), and Third-Party Defendant John Timothy Ricciardi ("Ricciardi"). The Court has carefully considered the parties' submissions and decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will grant in part and deny in part the motions.

1

I.     **BACKGROUND AND PROCEDURAL HISTORY**

This survivorship and wrongful death action commenced in the Superior Court of New Jersey, Middlesex County, Law Division, and was removed to this Court on the basis of diversity.[1] (ECF No. 1.) The Amended Complaint alleges that Defendant Brown—while operating a motor vehicle belonging to New Penn—negligently struck Mohammed A. Alashi ("Alashi"), the decedent, on April 24, 2018, as he walked northbound on Route 1 in South Brunswick, New Jersey. (Am. Compl. ¶¶ 1–2, 4, ECF No. 23.) Plaintiff alleges that because of Brown's negligence, Alashi sustained severe injuries, suffered great pain, and mental anguish before his death. (*Id.* at ¶ 5.) In addition, Decedent's estate incurred bills and expended large sums of money in connection with Alashi's medical treatment. (*Id.*) Plaintiff further alleges that Alashi's executrix, Esabel Kourradi, and his 11-month-old child suffered pecuniary loss as a result of his death. (*Id.* at ¶ 6.) Plaintiff seeks damages under New Jersey's Wrongful Death Act, N.J.S.A. 2A:31-1, and under the Survivor's Act, N.J.S.A. 2A:15-3. (*Id.* at ¶ 7.)

In their responsive pleadings, Defendants/Third-Party Plaintiffs Brown and New Penn brought claims against John Timothy Ricciardi along with fictitious persons and companies. (Third-Party Compl. ¶¶ 2–4, ECF No. 25.) Defendants/Third-Party Plaintiffs allege that Third-Party Defendant Ricciardi, while acting within the scope of his employment for the fictitious persons and/or companies, also negligently struck Alashi with his tractor and "caused and/or contributed to the damages alleged in Plaintiff's [Amended] Complaint." (*Id.* at 6–8.) Defendants/Third-Party Plaintiffs claim that the fictitious persons and/or companies are strictly

---

[1] Defendants Brown and New Penn acknowledged subject matter jurisdiction under 28 U.S.C. § 1332 in its removal petition. (ECF No. 1.) Although the Amended Complaint does not adequately plead jurisdiction, the Court confirms that the parties are diverse in their citizenship and the amount in controversy exceeds $75,000. Alashi was a resident of State of New Jersey; Brown is a resident of the State of Connecticut; New Penn's sole member is YRC, Inc., a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Kansas; and Ricciardi is a citizen of Commonwealth of Pennsylvania. (ECF Nos. 1, 2, 24, 25.)

liable for Ricciardi's negligence through the doctrine of *respondeat superior* or otherwise vicariously liable for his negligent operation of the vehicle.  (*Id.* at 9.)  Brown and New Penn claim that Third Party Defendants were responsible for the repair, service, inspection, and maintenance of the tractor Ricciardi operated on the day of the incident.  (*Id.* at 10.)  They also claim that fictitious persons acting in the course and scope of their employment for fictitious companies "caused and/or contributed to the damages in alleged in Plaintiff's Complaint." (*Id.* at 12–13.)  In sum, Brown and New Penn seek contribution and/or indemnification from Third-Party Defendant. (*Id.* at 14–16.)  In turn, Third-Party Defendant seeks contribution and/or indemnification from Defendants/Third-Party Plaintiffs.  (ECF No. 26.)

For the purposes of the motions for sanctions, the Court will briefly recite the relevant procedural history in this case. On June 26, 2020, the Honorable Lois Goodman issued an Amended Scheduling Order directing Plaintiff to serve their expert reports by July 27, 2020. (ECF No. 62.)  Because Plaintiff failed to timely serve her expert reports, Defendants/Third-Party Plaintiffs and Third-Party Defendant jointly requested leave to file a motion for summary judgment. (ECF No. 66.)  Judge Goodman granted leave, and Plaintiff raised no objections. (ECF No. 67.)  After Defendants/Third-Party Plaintiffs and Third-Party Defendant filed their motions for summary judgment, (ECF Nos. 68, 69, 71), Plaintiff filed opposition along with two liability expert reports (dated May 21 and June 19, 2019) from accident reconstructionist Stephen Motyczka; Plaintiff's counsel also alleged he had timely served the May report.  (ECF No. 70). On November 9, 2020, Defendants/Third-Party Plaintiffs filed their reply, arguing that the expert reports had not been timely served. (ECF No. 72.)  At that point, Defendants/Third-Party Plaintiffs sought to either have their motions for summary judgment granted or to bar Motyczka's reports as

either untimely or as inadmissible net opinion and to recoup their costs for filing the motions for summary judgment. (*Id.*)

On November 10, 2020, Plaintiff requested leave to serve the May 21, 2019 report out of time. (ECF No. 73.) On February 2, 2021, the Court granted Plaintiff leave to serve a single, consolidated Motyczka report by February 8, 2021. (ECF No. 79.) However, in doing so, the Court found that Plaintiff's counsel had failed to comply with the Amended Scheduling Order, which prejudiced Defendants/Third-Party Plaintiffs and Third-Party Defendant because they ultimately incurred the cost of filing motions for summary judgment and replying to Plaintiff's numerous letters. (*Id.* at 3.) The Court acknowledged that barring the Motyczka Report could have effectively ended Plaintiff's case, a remedy the Court found draconian. (*Id.*) Instead, the Court ordered Plaintiff to reimburse all defendants for the fees and costs associated with preparing and filing dispositive motions they otherwise would not have filed had it not been for Plaintiff's failure to meet the deadline for expert disclosures. (*Id.*; ECF No. 88.)

On March 22, 2021, Defendants/Third-Party Plaintiffs and Third-Party Defendant deposed Motyczka. (Ex. M, Motyczka Dep., ECF No. 98-17.) During the deposition, Motyczka denied preparing the May 21, 2019 Report and testified that he no longer stood by any of the opinions contained therein, especially the opinion that Brown and Ricciardi contributed to the accident. (Motyczka Dep. at 72:21-73:17, 112:19-123:8.)

Thereafter, Defendants Brown and New Penn served Plaintiff's counsel with a letter asking her to dismiss the Amended Complaint with prejudice or Defendants would seek Rule 11 sanctions. (ECF No. 97-21.) Defendants explained that, in light of what transpired at Motyczka's deposition, Plaintiff's allegations against Defendants were "unwarranted by existing law and that the factual contentions in Plaintiff['s] Amended Complaint [did] not have evidentiary support."

4

(*Id.* at 3.) Defendants warned Plaintiff that if she did not dismiss the action, then Defendants would re-file their motion for summary judgment along with a motion for sanctions under Rule 11. (*Id.*) On April 22, 2021, Defendants served Plaintiff with a letter pursuant the "safe harbor" provision of Rule 11 and attached thereto their motion for sanctions. (ECF No. 97-22.)

On March 26, 2021, Third-Party Defendant served Plaintiff and Defendants/Third-Party Plaintiffs with a similar letter requesting that the Amended Complaint and the Third-Party Complaint be dismissed considering Motyczka's deposition. (ECF No. 102-18.) He also warned Plaintiff that if she failed to dismiss the Amended Complaint, he would file a motion for summary judgment along with a motion for sanctions under Rule 11. (*Id.* at 3.) On May 6, 2021, he sent Plaintiff a letter pursuant the "safe harbor" provision of Rule 11 and attached thereto his motion for sanctions. (ECF No. 102-19.)

At this juncture, Plaintiff's counsel has conceded that he will not be calling accident reconstruction expert Stephen Motyczka at trial. (Opp'n Br. at 2, ECF No. 96.) To the extent the parties rely on or reference Motyczka's reports in their submissions, the Court will not consider them in deciding the motions for summary judgment.

## II.    STATEMENT OF MATERIAL FACTS

On April 24, 2018, Alashi was a struck by a commercial vehicle operated by Defendant Brown in the course of employment with Defendant New Penn and then was subsequently struck again by a commercial vehicle operated by Third-Party Defendant Ricciardi. (Defendants' Statement of Undisputed Material Facts ("DSMF") ¶ 1, ECF No. 95-1.) South Brunswick Police investigation determined Alashi was walking in the travel portion of the northbound lanes of Route 1 in South Brunswick, New Jersey, at approximately 4:45 a.m. when he was struck by Defendants/Third-Party Plaintiffs' tractor. (*Id.* ¶ 4.) Alashi was pronounced deceased at the scene around 5:06 a.m. (Ex. A, Police Report at 9, ECF No. 96-1.) The police concluded the impact between Defendants/Third-Party

Plaintiffs' tractor and Alashi occurred 578 feet north of the nearest intersection with Henderson Road. (*Id.* ¶ 5.) At the time and location of the impact, it was dark and there were no overhead lights. (*Id.* ¶ 6.) Alashi had been wearing a "black hooded sweatshirt, black pants, black cap, and carrying a brown and tan backpack." (Ex. A, Michael DiCiccio Dep. at 38:17-25, ECF No. 96-3; Police Report at 8.)

There are two northbound lanes on Route 1, and Brown was driving on the right lane while Alashi was walking on the left side of the right lane. (Plaintiffs' Statement of Material Facts ("PSMF") ¶¶ 37, 39, 41.) The speed limit was 55 mph. (PSMF ¶ 18, ECF No. 96-2.) Though the parties dispute the drivers' speeds at the time of the accident, the police determined the maximum speeds for Brown and Ricciardi were approximately 61.39mph and 60.92mph, respectively. (Ex. C, Police Report, ECF No. 96-1.) Brown had driven through the accident location on multiple occasions and had never encountered a pedestrian on or in the travel portion of the roadway. (DSMF ¶ 9.)

### III. <u>LEGAL STANDARD</u>

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48 (emphases in original). A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 248).

"In evaluating the evidence, the Court must consider all facts and their logical inferences in the light most favorable to the non-moving party." *Rhodes v. Marix Servicing, LLC*, 302

F. Supp. 3d 656, 661 (D.N.J. 2018) (citing *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002)). "While the moving party bears the initial burden of proving an absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to 'set forth specific facts showing that there is a genuine [dispute] for trial.'" *Id.* (quoting *Anderson*, 477 U.S. at 250). "Unsupported allegations, subjective beliefs, or argument alone . . . cannot forestall summary judgment." *Read v. Profeta*, 397 F. Supp. 3d 597, 625 (D.N.J. 2019). "Thus, if the nonmoving party fails 'to make a showing sufficient to establish the existence of an element essential to that party's case[,] . . . there can be no genuine issue of material fact.'" *Id.* (quoting *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quotation marks omitted)). "In considering the motion, the Court 'does not resolve factual disputes or make credibility determinations.'" *Rhodes*, 302 F. Supp. 3d at 661 (quoting *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995)). The inquiry at summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## IV.   DISCUSSION

### A.   Summary Judgment

Defendants/Third-Party Plaintiffs filed a Motion for Summary Judgment along with a brief in support of the Motion. (ECF Nos. 95, 95-4.) Plaintiff opposed the Motion (ECF No. 96), to which Defendants replied (ECF No. 101). Third-Party Defendant John Ricciardi filed a Motion for Summary Judgment along with a brief in support of the Motion. (ECF Nos. 98, 98-1.) Defendants/Third-Party Plaintiffs opposed the Motion (ECF No. 100), and Third-Party Defendant replied (ECF No. 106).

To prevail on a claim of negligence under New Jersey law, a plaintiff must establish: "(1) that the defendant owed a duty of care; (2) that the defendant breached that duty; (3) actual and proximate causation; and (4) damages."[2]  *Fernandes v. DAR Development Corp.*, 222 N.J. 390, 403–04 (2015).  *See also Maran v. Victoria's Secret Stores, LLC*, 417 F. Supp. 3d 510, 523 (D.N.J. 2019) (quoting *Endre v. Arnold*, 300 N.J. Super. 136, 141 (App. Div. 1997).  A "plaintiff bears the burden of establishing those elements 'by some competent proof . . . .'" *Davis v. Brickman Landscaping, Ltd.*, 219 N.J. 395, 406, 98 A.3d 1173 (2014) (citations omitted).

"To act non-negligently is to take reasonable precautions to prevent the occurrence of foreseeable harm to others." *Fernandes*, 222 N.J. at 404 (quoting *Weinberg v. Dinger*, 106 N.J. 469, 484 (1987)).  "In ordinary negligence actions, the plaintiff is not required to establish the applicable standard of care." *Id.*  Instead, "[i]t is sufficient for [the] plaintiff to show what the defendant did and what the circumstances were.  The applicable standard of conduct is then supplied by the jury[,] which is competent to determine what precautions a reasonably prudent man in the position of the defendant would have taken." *Id.* (quoting *Davis v. Brickman Landscaping, Ltd.*, 219 N.J. 395, 406–07 (2014)).

In *Davis*, the court explained that the plaintiff is not obliged to identify the standard of care in cases "involv[ing] facts about which 'a layperson's common knowledge is sufficient to permit a jury to find that the duty of care has been breached without the aid of an expert's opinion.'" *Davis*, 219 N.J. at 407 (quoting *Giantonnio v. Taccard*, 291 N.J. Super. 31, 43 (App. Div. 1996)).  "In some cases, however, the collective experience of the jury is not sufficient to measure the defendant's conduct." *Fernandes*, 222 N.J. at 404–05.  "In those cases, the plaintiff must establish

---

[2]  "In this action brought in federal court in New Jersey on the basis of diversity jurisdiction, New Jersey state law supplies the substantive legal principles against which a party's entitlement to a judgment in its favor must be assessed." *Foodtown Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 412 Fed. App'x. 502, 504 (3d Cir. 2011).

8

the standard of care governing the defendant's conduct and the deviation from that standard through reliable expert testimony." *Id.* at 405 (citing *Davis*, 219 N.J. at 407).

To establish negligence under New Jersey law, Plaintiff must show that Brown failed to meet the reasonable standard of care—namely, that he failed to exercise the degree of care and precaution that a reasonably prudent person would exercise under the circumstances. *McKinley v. Slenderella Sys. of Camden, N.J., Inc.*, 63 N.J. Super. 571, 579 (App. Div. 1960). *See Hochman v. Karpenski*, 325 N.J. Super. 460, 465 (App. Div. 1999) (explaining that in an automobile accident case, "[t]he standard of care is reasonable prudence to avoid injury to another"). In determining whether the conduct was reasonable, the "amount of care demanded . . . must be in proportion to the apparent risk." *Harpell v. Public Service Coord. Transport*, 20 N.J. 309, 316 (1956). To survive a motion for summary judgment, Plaintiff must point to evidence that creates a genuine dispute of material fact as to whether Brown failed to exercise the degree of care a reasonably prudent person would have under the circumstances.

Defendants/Third-Party Plaintiffs argue that Plaintiff does not have enough evidence to meet her burden of proving the negligence claims against them at trial. (Moving Br. at 3, ECF No. 95-4.) Specifically, Brown and New Penn contend that Plaintiff did not produce evidence that Brown breached his duty of care—that Brown failed to make reasonable observations and/or failed to operate his tractor trailer in a way that avoided a foreseeable risk of harm to other persons. (*Id.* at 4.) Plaintiff argues that Alashi's presence in the roadway was not reasonably foreseeable because it was not objectively reasonable for Brown to "anticipate that a pedestrian would be walking in the darkened travel lanes of a highway at night in dark clothing." (*Id.* at 4.) Brown and New Penn rely on *Deravil v. Pantaleone*, Civ. No. 2064-18, 2019 WL 5681205, at *7 (N.J. App. Div. Nov. 1, 2019), for the proposition that a pedestrian walking in the travel lanes of a four-

9

lane road at night in dark clothing is objectively unreasonable and that his/her presence is not reasonably foreseeable to others.  (*Id.* at 5–6.)  They also argue that Plaintiff needs expert testimony to establish Brown breached his duty of care, but Plaintiff has no "expert evidence to substantiate her foundational liability allegations that defendant Brown had time or opportunity to see, perceive, react and avoid Alashi . . . ." (*Id.* at 9–10.)  In addition, Defendants/Third-Party Plaintiffs also argue that there is no evidence that any alleged breach of duty caused or contributed to the accident.  (*Id.* at 6–7.)  They contend Plaintiff has "proffered no factual or expert evidence to establish that the accident could have been avoided but for such breach of duty." (*Id.* at 7–8.)

In opposition, Plaintiff argues that she is allowed to proceed to trial without an accident reconstruction expert.  (Opp'n Br. at 5, ECF No. 96.)  Even without an accident reconstruction expert, she argues that the evidence she intends to present to the jury will satisfy all elements of her negligence claims.  (*Id.* at 4.)  Plaintiff points to limited deposition testimony of a motorist and a passenger who saw Alashi in the middle of the road that night, the Commercial Driver License Manual, and certain statements made by Defendant Brown and Third-Party Defendant Ricciardi. (*Id.*)  She contends that "Defendant Brown's excessive speeds, misrepresentation of same, [and] multiple CDL violations[] will not be looked upon in favorable light by any jury." (*Id.*)

Here, it is undisputed that, at the time of the incident, Alashi had been walking in the middle of the highway wearing dark clothing when he was struck at approximately 4:45 a.m.  Indeed, this case is distinguishable from *Deravil* because it involves different claims.[3]  However, as explained in *Deravil*, the Court does acknowledge that Alashi also owed a duty to look out for his own safety

---

[3] In *Deravil*, 2019 WL 5681205, at *1, the plaintiff alleged that the township and county were liable for decedent's death because she was struck by a vehicle on a road with a dangerous condition.  The Appellate Division affirmed the trial court's decision and found that "no jury could conclude that the road was a dangerous condition" given the lack of evidence concerning the road. *Id.* at *3. The court also found that "decedent's use of the road was so objectively unreasonable that the condition itself could not have caused the injury" because the decedent had been walking across a four-lane roadway at night while wearing dark clothing. *Id.* The court determined that decedent's "conduct was indicative of a lack of due care," which precluded a finding of any actionable dangerous condition. *Id.*

10

as a pedestrian. There is no doubt that commercial drivers owe a duty to pedestrians and other drivers to act reasonably under the circumstances, but both a driver and pedestrian bear reciprocal duties to act reasonably and exercise due care. *See* N.J.S.A. 39:4-32(d) ("No pedestrian shall leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield or stop."); N.J.S.A. 39:4-32(g) ("Nothing contained herein shall relieve a driver from the duty to exercise due care for the safety of any pedestrian upon a roadway. Nothing herein shall relieve a pedestrian from using due care for his safety."). Notwithstanding Alashi's conduct, Plaintiff still bears the burden of proving Brown breached his duty.

Defendant Brown was driving a commercial *tractor trailer* on the day of the incident, and Plaintiff has made it clear that he will rely on the Commercial Driver License Manual as evidence to establish the relevant standard of care Brown allegedly breached. (Opp'n Br. at 5, ECF No. 96.) Therefore, this is a case where the collective experience of the jury is not sufficient to measure Brown's conduct. *Fernandes*, 222 N.J. at 404–05. At trial, Plaintiff must establish the standard of care governing Brown's conduct and the deviation from that standard through reliable expert testimony. *Id.* at 405 (citing *Davis*, 219 N.J. at 407).

As highlighted by Defendants/Third-Party Plaintiffs, the following issues are relevant to Plaintiff's claims: the time and distance for a commercial vehicle operator to see, perceive, react and avoid an unexpected pedestrian at night on a roadway; the g-force, co-efficient and lag of the air brakes of a commercial tractor trailer; the calculation of stopping distances as a function of speed and engineering/mechanical factors; and the illumination distance of commercial vehicle headlights and/or the effects of ambient lighting on visibility. (Moving Br. at 9, ECF No. 95-4.) Moreover, courts allow accident reconstruction experts to offer testimony about facts involved in the "sequence of events immediately preceding an accident," such as those relating to "vehicle

11

mass; direction of skid marks; dimensions of vehicles involved; dents, breaks and paint transfers of vehicles; road surface textures; and physics principles of mechanics such as inertia, velocity, coefficients of friction, and operating characteristics of vehicles." *Withrow v. Spears*, 967 F. Supp. 2d 982, 993 (D. Del. 2013) (quoting *Tuato v. Brown,* 85 Fed. App'x 674, 677 n. 3 (10th Cir. 2003) (internal quotation marks and citations omitted)).  These issues are all necessary to establish the existence of an element essential to Plaintiff's claims, and Plaintiff offers no competent proof on these issues.

Plaintiff has conceded that she will not bring forth an accident reconstruction expert at trial. In fact, she argues that she is not required to produce expert testimony to proceed to trial because she has sufficient evidence to establish that Defendants were negligent.  The Court disagrees. Plaintiff does not have expert evidence to substantiate her allegations that Brown breached his duty of care—that he had the time or opportunity to see, perceive, react, and avoid Alashi. [4] In the absence of an accident reconstruction expert in this case, no reasonable jury viewing the evidence could find in favor of Plaintiff.  *See Williams*, 891 F.2d at 459.

After considering all facts and their logical inferences in the light most favorable to Plaintiff, the Court finds that she has failed to make a showing sufficient to establish the existence of an essential element on which she bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  Plaintiff has failed to set forth specific facts showing that there is a genuine dispute for trial.  *See Rhodes*, 302 F. Supp. 3d at 661; *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly

---

4 New Penn's liability rests on a theory of vicarious liability.  New Jersey adheres to the Restatement of Agency for the vicarious liability standard.  *O'Toole v. Carr*, 175 N.J. 421, 425  (2003).  As such, an employer is liable for an employee's negligence when the employee was acting within the scope of his or her employment.  *Carter v. Reynolds*, 175 N.J. 402, 408–09 (2003) (quoting Restatement (Second) of Agency § 219 (1958)).  The parties do not contest whether Brown was acting within the scope of his employment.  Accordingly, Plaintiff also does not have evidence to substantiate her claims against New Penn.

preclude the entry of summary judgment."). It bears repeating that "[u]nsupported allegations, subjective beliefs, or argument alone . . . cannot forestall summary judgment." *Profeta*, 397 F. Supp. 3d at 625. In sum, Defendants/Third-Party Plaintiffs are entitled to judgment as a matter of law.

The Court will grant Defendants/Third-Party Plaintiffs' Motion for Summary Judgment and dismiss Plaintiff's Amended Complaint without prejudice. (ECF No. 95.) In light of the Court's decision, the Court will deny Third-Party Defendant's Motion for Summary Judgment as moot and dismiss the Third-Party Complaint.[5] (ECF No. 98.)

**B.      Sanctions**

Defendants/Third-Party Plaintiffs and Third-Party Defendant Ricciardi filed Motions for Sanctions under Federal Rule of Civil Procedure 11.[6] (ECF Nos. 97, 102.) Plaintiff filed a Cross-Motion for Sanctions under Rule 11 seeking legal fees. (ECF No. 99.) For the reasons discussed below, the Court will grant Defendants/Third-Party Plaintiffs and Third-Party Defendant's Motions for Sanctions and will deny Plaintiff's Cross-Motion for Sanctions.

Defendants/Third-Party Plaintiffs argue that Plaintiff persists in maintaining her negligence claims despite a complete lack of evidence. (Moving Br. at 3, ECF No. 97-4.) They contend Plaintiff's reliance on Motyczka's reports in opposing Defendant's first summary judgment motion and her continued prosecution of this case despite Motyczka's deposition is a frivolous abuse of process in violation of Rule 11. (*Id.* at 4, 6.) Not only does Plaintiff have no expert testimony in a case involving liability issues that go beyond the ken of an average juror, but

---

[5] Defendants/Third-Party Plaintiffs' claims against Third-Party Defendant sound in contribution. Consequently, they cannot proceed with their claims against Third-Party Defendant without the underlying negligence claim.

[6] Defendants/Third-Party Plaintiffs also filed a Motion for Sanctions along with a brief in support of the Motion. (ECF Nos. 97, 97-4.) Plaintiff opposed and filed a Cross-Motion for Attorney Fees and Costs (ECF No. 99), to which Defendants replied (ECF No. 103). Third-Party Defendant also filed a Motion for Sanctions and a Motion for Return of Property along with a brief in support of the Motions. (ECF No. 102, 102-1.) Plaintiff and Defendants/Third-Party Plaintiffs filed opposition (ECF Nos. 104, 105), and Third-Party Defendant replied (ECF No. 106).

13

Plaintiff also "failed to proffer competent, non-expert evidence to establish a genuine issue of material fact." (*Id.* at 7–8.) Defendants contend that the ongoing fees and costs incurred since March 22, 2021 (the date Defendants expressed their intent to seek sanctions following Motyczka's deposition) are a "direct result of Plaintiff and her counsel's lack of diligence legally and factually unmeritorious filings, and inexplicable refusal to dismiss" the Amended Complaint. (*Id.* at 9.) They ask the Court to order Plaintiff and her counsel to reimburse all fees and costs incurred since March 22, 2021. (*Id.* at 9.)

Third-Party Defendant Ricciardi argues that Plaintiff and Defendants/Third-Party Plaintiffs should bear the costs associated with his motion for summary judgment given their lack of evidence to support their respective claims. (Moving Br. at 6–18, ECF No. 102.) Third-Party Defendant argues that Defendants/Third-Party Plaintiffs' experts fail to offer any opinions or evidence as to breach of duty or proximate causation with respect to Ricciardi. (*Id.* at 8.) He notes that Defendants/Third-Party Plaintiffs are seeking sanctions because Plaintiff continues to stand by a complaint with no merit, but Defendants/Third-Party Plaintiffs also continue to advocate for a third-party complaint they know is meritless. (*Id.* at 18.)

Without providing any basis for her motion under Rule 11, Plaintiff simply argues that she should be entitled to legal fees in the amount of $5,000. (ECF No. 99.)

Federal Rule of Civil Procedure 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper" an attorney certifies that it is "not being presented for any improper purpose," "the claims are warranted," and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). Rule 11(c)(1) states that "if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate

sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

In other words, Rule 11 "imposes an affirmative duty on the parties to conduct a reasonable inquiry into the applicable law and facts prior to filing." *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (quoting *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991)). "Rule 11 sanctions may be awarded in exceptional circumstances in order to 'discourage plaintiffs from bringing baseless actions or making frivolous motions.'" *Bensalem Twp.*, 38 F.3d at 1314 (quoting *Doering v. Union County Bd. of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir. 1988)). The primary purpose of a Rule 11 sanction is deterrence of abuses of the legal system. *Doering*, 857 F.2d at 194. "Where a district court decides to award a monetary sanction, such as attorney's fees, the total amount of such a sanction (as well as the initial decision whether to impose such a sanction) should be guided by equitable considerations." *Id.* at 195.

In determining whether a party or attorney has violated the duties of Rule 11, the Court "must apply an objective standard of reasonableness under the circumstances." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 92 (3d Cir. 1988) (citing *Snow Machines, Inc. v. Hedco, Inc.*, 838 F.2d 718, 727 (3d Cir. 1988)); *see also Brubaker Kitchens, Inc. v. Brown*, 280 F. App'x 174, 185 (3d Cir. 2008) ("It is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls within the sound discretion of the District Court."). The Third Circuit has held that "[a]n inquiry is considered reasonable under the circumstances if it provides the party with "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Bensalem Twp.*, 38 F.3d at 1314.

A motion under Rule 11 alleging that a party violated subsection (b) of the rule must be filed as a separate pleading. Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)"). Before addressing the merits of a party's Rule 11 motion, the Court must determine whether the party complied with the "safe harbor" provision of Rule 11(c)(2). Under that provision, a party cannot file a motion for sanctions until it first presents the motion to the offending party and allows 21 days for the other party to withdraw or correct the challenged issue. *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008) (citing Fed. R. Civ. P. 11(c)(2)).

Here, Plaintiff's counsel has conceded that he will not call Motyczka at trial, but he insists on proceeding to trial without an accident reconstruction expert. (*See* Opp'n Br. at 2, ECF No. 96.) The parties have complied with the safe harbor provision of Rule 11 because the requisite time has lapsed since the parties served their motions on Plaintiff's counsel and he refused to dismiss the Amended Complaint. Back in February 2021, when the Court granted Plaintiff leave to serve Motyczka's Report out of time, the Court ordered Plaintiff to reimburse Defendants instead of denying her request because it explained that barring the Motyczka Report could have effectively ended Plaintiff's case. (ECF Nos. 79, 88). Despite the Court's elucidation on the issue, Plaintiff's counsel has refused to dismiss the Amended Complaint. The Court finds that Plaintiff's counsel failed to act reasonably under the circumstances. *Brubaker Kitchens*, 280 F. App'x at 185.

The Court also finds, once again, that Defendants/Third-Party Plaintiffs and Third-Party Defendant have borne the fees and costs of preparing and filing dispositive motions they otherwise would not have filed had Plaintiff's counsel acted reasonably. Plaintiff's counsel must reimburse Defendants and Third-Party Defendant for those fees and costs. *See* Fed. R. Civ. P. 11(c)(1) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been

16

violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."); *Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 808 (3d Cir. 1986) (explaining that the fees and costs "may be reimbursed in whole or in part by the imposition of sanctions on the plaintiff's lawyer personally"). Accordingly, the Court grants Defendants/Third-Party Plaintiffs' motion for sanctions. (ECF No. 97.) As for Third-Party Defendant's motion for sanctions, the Court grants in part and denies in part. (ECF No. 102.) The Court finds that although Plaintiff is responsible for reimbursing fees and costs associated with the preparing and filing of Third-Party Defendant's motion, Defendants/Third-Party Plaintiffs acted reasonably under the circumstances in not dismissing their Third-Party Complaint and will not share similar responsibility. *Brubaker Kitchens*, 280 F. App'x at 185.

Defendants and Third-Party Defendant are hereby instructed to submit attorney certifications setting forth the fees and costs incurred from filing those motions. The submissions are to be filed by May 16, 2022. Plaintiff may respond with any objections by May 23, 2022. The Court will consider those certifications and enter an order requiring Plaintiff to reimburse Defendants for any reasonable fees and costs the Court finds appropriate.

## V. **CONCLUSION**

For the reasons stated above, the Court will grant Defendants/Third-Party Plaintiff's Motion for Summary Judgment and impose sanctions on Plaintiff's counsel. Accordingly, the Amended Complaint and the Third-Party Complaint will be dismissed without prejudice. An appropriate Order will follow.


Date: April 28, 2022


                                                  s/ Zahid N. Quraishi
                                                  **ZAHID N. QURAISHI**
                                                  **UNITED STATES DISTRICT JUDGE**